**IN THE UNITED STATES COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KAELYN FILLINGIM**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-CV-00789-CWB |
| | ) | |
| **NAU COUNTRY INSURANCE** | ) | |
| **COMPANY**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**COMPLAINT AND, IN THE ALTERNATIVE, TO STAY LITIGATION**
**AND COMPEL ARBITRATION**

NOW COMES Defendant NAU COUNTRY INSURANCE COMPANY

("Defendant"), by and through its undersigned attorneys, and hereby provides this

Reply in Support of its Motion to Dismiss the Complaint replying to the Plaintiff's

Response to Defendant's "Motion to Dismiss Complaint, And, In The Alternative,

to Stay Litigation And Compel Arbitration" ("Response") filed by Plaintiff

KAELYN PLAINTIFF ("Plaintiff") on December 5, 2025. As explained herein, the

Court must grant Defendant's Motion to Dismiss Complaint And, in the Alternative,

to Stay Litigation and Compel Arbitration ("Motion"). More specifically, the

Reply's interpretation of the policy's arbitration clause is overly restrictive.

Moreover, Plaintiff continues to ignore and has not addressed Defendant's

arguments concerning federal preemption and, in particular, the effect of the Federal Crop Insurance Corporation regulations published at 7 C.F.R. Part 400 Subpart P ("Subpart P").

## I.     PLAINTIFF MUST ARBITRATE ANY  DISPUTED DETERMINATION MADE BY DEFENDANT UNDER THE POLICY.

Plaintiff maintains that section 20 of the Common Crop Insurance Policy ("Basic Provisions"), which mandates arbitration of disputes between an insured and the insurance company, is inapplicable, because the causes of action set forth in the Amended Complaint[1] are not related to the claim denial. However, the arbitration clause contained in section 20(a) in not limited to disputes arising from the denial of a claim. Instead, the Basic Provisions provides that arbitration is required with respect to "**all** disputes involving determinations made by us . . ." 7 C.F.R. § 457.8 sec. 20(a)(1) (emphasis added). Defendant's determination to submit Plaintiff to the Risk Management Agency for inclusion in the Ineligible Tracking System ("ITS"), even if a mistake, as alleged in the Amended Complaint and Response, still reflects a determination by Defendant. Moreover, and as previously explained, Defendant's alleged breach of its payment agreement with Plaintiff, specifically relates to the parties' respective obligations under section 2(f) of the Basic Provisions, which sets

---

[1] The Reply repeatedly refers to "Plaintiff's Complaint." However, on November 14, 2025, prior to filing the subject Response, Plaintiff filed an Amended Complaint. This Reply addresses the Amended Complaint.

forth the conditions under which a policyholder must enter into a payment agreement, describes the consequences of a breach of that payment agreement, and incorporates by reference the conditions for submitting a person to ITS under 7 C.F.R. § 400.682.

Moreover, and as previously explained, 7 C.F.R. Part 400, Subpart U recognizes that disputes concerning eligibility, including those related to ITS, are subject to arbitration. More specifically, Subpart U states:

> **If a person who was determined ineligible according to this subpart is subsequently determined to be an eligible person for crop insurance through** reinstatement, mediation, **arbitration**, appeal, or judicial review, such person's policies will be reinstated effective at the beginning of the crop year for which the producer was determined ineligible, and such person will be entitled to all applicable benefits under such policies . . .

*Id.* at § 400.685(b) (emphasis added).

In arguing that arbitration is not required, the Response seeks to differentiate between the terms "mistake" and "decision," suggesting that Defendant's allegedly mistaken conduct does not reflect a decision. This argument fails for three reasons. First, the term "decision" does not appear in section 20(a), so its definition is irrelevant to any analysis of Defendant's Motion. Second, Defendant's submission of Plaintiff to ITS did not arise from the either. A determination was made to submit Plaintiff's name. Even if that determination was in error or a mistake, it was

nonetheless a determination. Third, section 400.685(b), quoted above, states plainly that an erroneous determination of ineligibility is subject to arbitration.[2]

In sum, whether Defendant breached the payment agreement and wrongfully determined that Plaintiff should be included on ITS involves a determination under the insurance policy and is subject to arbitration under section 20(a). Therefore, this Court must dismiss the Amended Complaint and compel arbitration.

## II.    PLAINTIFF'S CLAIMS ARE PREEMPTED BECAUSE SHE HAS NOT SATISFIED THE CONDITIONS PRECEDENT TO THE RECOVERY OF EXTRA-CONTRACTUAL DAMAGES.

Plaintiff continues to ignore completely Defendant's arguments related to the preemption and, in particular, regulatory the limitations on a policyholder's ability to recover statutory, punitive, and compensatory damages and attorney's fees in an action against a federally reinsured company such as Defendant. Even if the Court agrees that Plaintiff is not obligated to arbitrate the legality of Defendant's termination of her policy and may proceed with this litigation, the Court still must dismiss the Amended Complaint. In this regard, Plaintiff has neither satisfied the conditions precedent to the recovery of extra-contractual damages set forth in Subpart P nor explained why she is not obligated to do so.

---

[2] While the regulation also refers to judicial review, section 20(b) of the Basic Provisions establishes that the completion of the arbitration process is a condition precedent to judicial review. 7 C.F.R. § 457.8 sec. 20(b)(2).

4

As argued by Defendant since the outset of this litigation, Subpart P expressly preempts the levying of "fines, judgments, punitive damages, compensatory damages, or judgments for attorney fees or other costs against companies, employees of companies including agents and loss adjustors . . . ." 7 C.F.R. § 400.352(b)(4). To overcome Subpart P's preemptive effect, a policyholder must obtain

> a determination . . . from FCIC that the company, its employees, agent or loss adjuster failed to comply with the terms of the policy or procedures issued by FCIC and such failure resulted in the insured receiving a payment in an amount that is less than the amount to which the insured was entitled.

*Id.*

Defendant's prior submissions include discussions of the legal precedent applicable to Plaintiff's claims for extra-contractual damages and explained that causes of action for punitive and compensatory damages and attorney's fees are preempted unless the policyholder obtains a non-compliance determination in accordance with 7 C.F.R. 400.352(b)(4). In this regard, claims for breach of contract, breach of the duty of care, and statutory bad faith for refusal to pay the loss are preempted if "they pertain to actions or inactions 'required or authorized' under the Act, federal regulations, or the policy provisions." *Plants, Inc. v. Fireman's Fund Ins. Co.*, 2012 Tenn. App. LEXIS 561 **15-16 (Tenn. Ct. App. Aug. 13, 2012).

5

It is undisputed that the Amended Complaint seeks to recover compensatory damages, which the Amended Complaint describes as "actual damages," and attorney's fees; that the causes of action set forth in the Amended Complaint arise from a crop insurance policy, specifically whether Defendant improperly included Plaintiff on ITS; and that Plaintiff has not obtained the non-compliance determination described in section 400.352(b)(4). As succinctly stated by the United States Court of Appeals for the Fourth Circuit, "the weight of recent authority recognize[es] that claims arising from an insurer's determination under the policy are preempted." *J.O.C. Farms, L.L.C.*, 737 Fed. Appx. at 656. Therefore, unless and until Plaintiff obtains the authorization from FCIC required by Subpart P, her claims for extra-contractual damages are preempted and the Amended Complaint must be dismissed.

WHEREFORE, DEFENDANT respectfully requests that the Court grant its Motion.

*/s/ Madeline E. Hughes*
Al T. Teel (ASB-2400-O84V)
Madeline E. Hughes (ASB-4428-D19F)
Riley L. Brown (ASB-7600-W29U)

ATTORNEYS FOR DEFENDANT
NAU COUNTRY INSURANCE COMPANY

**BURR & FORMAN LLP**
Shipt Tower, Suite 3400

7

420 N 20th Street
Birmingham, Alabama 35203
(205) 251-3000 (Telephone)
(251) 714-6898 (Facsimile)
Email:
mhughes@burr.com
ateel@burr.com
rbrown@burr.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 12th of December 2025, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Alyse Fowler
ALYSE FOWLER LAW LLC
Post Office Box 130
Elba, AL 36323
ALYSE@ALYSEFOWLERLAW.COM

*Counsel for Plaintiff*

*/s/ Madeline E. Hughes*
OF COUNSEL

8